UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREGORY J. EVERETT,

        Plaintiff,                                  Case No. 07-10655

v.                                                  District Judge Paul D. Borman
                                                      Magistrate Judge R. Steven Whalen

SAFELITE OF AMERICA, INC.,

        Defendant.

_____/

## ORDER DENYING TEMPORARY RESTRAINING ORDER

Before the Court is Plaintiff's Motion for Temporary Restraining Order [Docket #26], filed June 6, 2007. Plaintiff seeks to stay an order of a Michigan court (37th District Court) ordering him to pay costs in a state court case by June 8, 2007, or begin serving a jail sentence of seven days beginning on that date.[1]

On May 12, 2005, the Defendant in this case, Safelite of America, Inc., obtained a default judgment against the Plaintiff, Gregory Everett, individually and doing business as Auto Bolt Security Systems. On September 27, 2005, Defendant Safelite commenced a collection action in 37th District Court in Warren, Michigan. Defendant filed an Affidavit

---

[1] Plaintiff, who is proceeding *pro se*, has not provided a copy of the June 6th state court order.

and Notice of Entry of Foreign Judgment, and subsequently a subpoena was issued for a judgment debtor's examination. Plaintiff filed motions in state court challenging the 37th District Court action as well as the underlying California judgment. The 37th District Court judge denied the motions. Plaintiff's appeal to the Michigan Court of Appeals was denied on May 19, 2006, and his motion for reconsideration was denied by the Court of Appeals on July 12, 2006. Subsequently, on August 31, 2006, the Court of Appeals granted Defendant Safelite's motion for damages for vexatious proceedings, and remanded the case to the 37th District Court "to determine the amount of damages and enter a judgment in Plaintiff's favor." Plaintiff states that on June 6, 2007, the 37th District Court ordered him to pay $5,000 in attorney fees by June 8, 2007, or report to the Macomb County Jail for service of a seven-day sentence.

In determining whether to grant injunctive relief, including a temporary restraining order, a court must examine and weigh four factors: (1) whether the moving party has shown a strong likelihood of success on the merits; (2) whether the moving party will suffer irreparable harm if the injunction is not issued; (3) whether the issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuing the injunction. *Overstreet v. Lexington-Fayette Urban County Government*, 305 F.3d 566, 573 (6th Cir. 2002); *McPherson v. Michigan High School Athletic Ass'n*, 119 F.3d 453, 459 (6th Cir. 1997) (*en banc*). "These factors are not prerequisites, but are factors that are to be balanced against each other." *Overstreet*, 305 F.3d at 573.

Notwithstanding this balancing approach, however, the likelihood of success factor

predominates. Thus, "[a]lthough no one factor is controlling, a finding that there is simply no likelihood of success on the merits is usually fatal." *Gonzales v. National Bd. of Med. Exam'rs*, 225 F.3d 620, 625 (6th Cir. 2000); *Michigan State AFL-CIO v. Miller*, 103 F.3d 1240, 1249 (6th Cir. 1997) ("While, as a general matter, none of these four factors are given controlling weight, a preliminary injunction issued where there is simply no likelihood of success on the merits must be reversed.").

In this case, Plaintiff has an exceedingly poor chance of success on the merits, because this Court does not have subject matter jurisdiction, pursuant to the Rooker-Feldman doctrine. Rooker-Feldman is based on the principle that a federal district court does not have appellate jurisdiction to review a state court judgment; that power is reserved to the Supreme Court under 28 U.S.C. §1257. *See Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005). *Exxon Mobil* held as follows:

> "The Rooker-Feldman doctrine, we hold today, is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Id.*, 544 U.S. at 284.

The Plaintiff here has lost in two state courts, California and Michigan. It is apparent that Plaintiff is a classic "state court loser" who now seeks, in effect, to have this Court review state court judgments that are not to his liking, and that this case is jurisdictionally barred under Rooker-Feldman, as set forth in *Exxon Mobil*.

In addition, any additional claims Plaintiff now makes in this Court could have been raised in the Michigan state court proceedings, such that even apart from the Rooker-

Feldman problem, they would be barred under the doctrine of res judicata. As the Supreme Court noted in *Exxon Mobil*, the "Full Faith and Credit Act...requires the federal court to give the same preclusive effect to a state-court judgment as another court of that State would give.'" 125 S.Ct. At 1527, quoting *Parson Steel Inc. v. First Alabama Bank*, 474 U.S. 518, 523, 106 S.Ct. 768, 88 L.Ed.2d 877 (1986); *Sinclair v. Bankers Trust, supra*. Michigan has adopted a broad application of the doctrine of res judicata which bars not only claims actually litigated in the prior action, but all claims arising out of the same transaction that the parties, exercising reasonable diligence, could have raised in the prior action but did not. *Limbach v. Oakland County Bd of County Road Comm'r*, 226 Mich. App. 389, 396, 573 N.W.2d 336 (1997).

Application of the doctrine of res judicata in Michigan requires that (1) the first action be decided on its merits, (2) the matter being litigated in the second case was or could have been resolved in the first case, and (3) both actions involved the same parties or their privies. *ABB Paint Finishing, Inc. v. National Union Fire Ins.*, 223 Mich. App. 559, 562, 567 N.W.2d 456 (1997) (1997). "The test for determining whether two claims are identical for res judicata purposes is whether the same facts or evidence are essential to the maintenance of the two claims," *Huggett v. Dep't of Natural Resources*, 232 Mich. App. 188, 197, 590 N.W.2d 747 (1998), not whether the grounds asserted for relief are the same. *Jones v. State Farm Ins. Co.*, 202 Mich. App. 393, 401, 509 N.W.2d 829 (1993), *mod'f on other grounds*, *Patterson v. Kleiman*, 447 Mich. 429, 433 n.3 (1994).

Plaintiff's case clearly falls within the Michigan test for res judicata, and is therefore

subject to dismissal.

Plaintiff bears the burden of demonstrating entitlement to a preliminary injunction or temporary restraining order, and his burden is a heavy one. "A preliminary injunction is an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." *Overstreet , supra,* at 573. Because Plaintiff has not met that burden, he is not entitled to a temporary restraining order.

IT IS THEREFORE ORDERED that Plaintiff's Motion for Temporary Restraining Order [Docket #26] is DENIED.

        s/Paul D. Borman  
        PAUL D. BORMAN  
        UNITED STATES DISTRICT JUDGE

Dated: June 8, 2007

### CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on June 8, 2007.

        s/Denise Goodine  
        Case Manager