UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREGORY J. EVERETT,

        Plaintiff,                                 Case No. 07-10655

v.                                              District Judge Paul D. Borman
                                                 Magistrate Judge R. Steven Whalen

SAFELITE OF AMERICA, INC.,

        Defendant.

_____/

## REPORT AND RECOMMENDATION

Before the Court are Plaintiff's Motion for Summary Judgment [Docket #14], Plaintiff's Motion for Temporary Restraining Order [Docket #3], and Defendant' Motion for Summary Judgment [Docket #19], which have been referred for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons discussed below, I recommend that Plaintiff's Motions [#3 and #14] be DENIED and that Defendant's Motion [#19] be GRANTED.

        I.    FACTUAL AND PROCEDURAL BACKGROUND

On May 12, 2005, Defendant Safelite of America, Inc., obtained a default judgment in a California state court against the Plaintiff, Gregory Everett, individually and doing business as Auto Bolt Security Systems. On September 27, 2005, Defendant Safelite commenced a collection action in 37th District Court in Warren, Michigan. Defendant filed an Affidavit and Notice of Entry of Foreign Judgment, and subsequently a subpoena was issued for a judgment debtor's examination. Plaintiff filed motions in state court challenging the 37th District Court action as well as the underlying California

judgment. The 37th District Court judge denied the motions. Plaintiff's appeal to the Michigan Court of Appeals was denied on May 19, 2006, and his motion for reconsideration was denied by the Court of Appeals on July 12, 2006. Subsequently, on August 31, 2006, the Court of Appeals granted Defendant Safelite's motion for damages for vexatious proceedings, and remanded the case to the 37th District Court "to determine the amount of damages and enter a judgment in Plaintiff's favor."

On November 1, 2006, 37th District Court entered judgment in favor of Safelite in the amount of $2,415.80. On November 13, 2006, the Macomb County Circuit Court denied leave to appeal. Following further state court proceedings, Safelite was ultimately awarded costs, and on February 12, 2007, Circuit Court entered an order which, it said, "resolves the last pending claim and closes the case." *See Defendant's Motion for Summary Judgment*, Exhibit 13.

The following day, on February 13, 2007, Plaintiff filed his Complaint in this Court. In both the Michigan proceedings and in his present Complaint, Plaintiff alleges that the California court improperly entered judgment against him without having personal jurisdiction over him. *See Complaint,* ¶¶1-4.

On June 8, 2007, this Court entered an order denying Plaintiff's motion for temporary restraining order.

## II.  STANDARD OF REVIEW

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c). To prevail on a motion for summary judgment, the non-moving party must show sufficient evidence to create a genuine issue

of material fact. *Klepper v. First American Bank*, 916 F.2d 337, 341-42 (6th Cir. 1990). Drawing all reasonable inferences in favor of the non-moving party, the Court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Entry of summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celetox Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). When the "record taken as a whole could not lead a rational trier of fact to find for the nonmoving party," there is no genuine issue of material fact, and summary judgment is appropriate. *Simmons-Harris v. Zelman*, 234 F.3d 945, 951 (6th Cir. 2000).

In addition, Fed. R. Civ. P. 12(b)(1) provides for dismissal of a complaint for lack of subject matter jurisdiction. When a defendant challenges subject matter jurisdiction, the plaintiff has the burden of proving jurisdiction in order to survive the motion. *Moir v. Greater Cleveland Regional Transit Authority*, 895 F.2d 266, 269 (6th Cir. 1990).

### III. ANALYSIS

#### A. Rooker-Feldman

In the order denying a temporary restraining order, this Court found that the Plaintiff had a poor chance of succeeding on the merits of his case based on the application of the Rooker-Feldman doctrine. Indeed, this Complaint must be dismissed on that basis.

In *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005), the Supreme Court clarified, and to an extent narrowed

what has been known as the Rooker-Feldman doctrine.[1]  Rooker-Feldman is based on the principle that a federal district court does not have appellate jurisdiction to review a state court judgment; that power is reserved to the Supreme Court under 28 U.S.C. §1257. *Exxon Mobil* recognized, however, that a state court judgment does not necessarily preclude federal district court jurisdiction based, for example, on federal question jurisdiction under 28 U.S.C. §1331, and that there could be parallel state and federal litigation.  *Exxon Mobil*, 544 U.S. at 292 ("When there is parallel state and federal litigation, Rooker-Feldman is not triggered simply by the entry of judgment in state court.").

In addition, recognizing that Rooker-Feldman implicates a jurisdictional question under Rule 12(b)(1),[2] *Exxon Mobil* differentiated a claim- or issue-preclusion issue (which is not jurisdictional) arising in parallel litigation from an issue of subject matter jurisdiction:

> "In parallel litigation, a federal court may be bound to recognize the claim- and issue-preclusive effects of a state-court judgment, but federal jurisdiction over an action does not terminate automatically on the entry of judgment in the state court." *Id.*, 440 U.S. at 293.

Likewise, federal litigation that *follows* a state court judgment involving the same transaction is not necessarily jurisdictionally barred under Rooker-Feldman, assuming that there is an independent federal claim, although the plaintiff's claims in such a case might be barred by res judicata or collateral estoppel:

---

[1] The name derives from two Supreme Court cases, *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983).

[2] Although the Defendant brings its motion under Rule 56, it has, by raising the Rooker-Feldman issue, implicated the issue of subject matter jurisdiction under Rule 12(b)(1).

" If a federal plaintiff 'present[s] some independent claim, albeit one that denies a legal conclusion that a state court has reached in a case to which he was a party..., then there is jurisdiction and state law determines whether the defendant prevails under principles of preclusion.' *GASH Assocs. V. Village of Rosemont*, 995 F.2d 726, 728 (C.A. 7 1993)...." *Exxon Mobil*, 544 U.S. at 293.

*See also Lance v. Dennis*, 126 S.Ct. 1198, 1202 (2006) ("Rooker-Feldman is not simply preclusion by another name.").

Under what circumstances, then, does a Rooker-Feldman jurisdictional bar come into play? *Exxon Mobil* provides the following succinct answer:

"The Rooker-Feldman doctrine, we hold today, is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Id.*, 544 U.S. at 284.

In *Hoblock v. Albany County Bd. of Elections*, 422 F.3d 77, 87 (2d Cir. 2005), the Second Circuit explained that the application of Rooker-Feldman depends on whether the source of the Plaintiff's claimed injury is the state court judgment itself. If it is, then Rooker-Feldman precludes the federal action:

"The key to resolving this uncertainty lies in the second substantive *Rooker-Feldman* requirement: that federal plaintiffs are not subject to the *Rooker-Feldman* bar unless they *complain of an injury* caused by a state judgment. Indeed, this is the core requirement from which the others derive; focusing on it helps clarify when the doctrine applies.

"...[T]his requirement explains why a federal plaintiff cannot escape the *Rooker-Feldman* bar simply by relying on a legal theory not raised in state court. Suppose a state court, based purely on state law, terminates a father's parental rights and orders the state to take custody of his son. If the father sues in federal court for the return of his son on grounds that the state judgment violates his federal substantive due-process rights as a parent, he is complaining of an injury caused by the state judgment and seeking its reversal. This he may not do, regardless of whether he raised any constitutional claims in state court, because only the Supreme Court may hear appeals from state-court judgments."

In the present case, the Plaintiff has lost in both California and Michigan state

courts. The injuries he claims in his federal case are caused by these state court judgments, and he seeks a reversal of those judgments. As this Court stated in denying a temporary restraining order, "It is apparent that Plaintiff is a classic 'state court loser' who now seeks, in effect, to have this Court review state court judgments that are not to his liking...." Whatever Plaintiff's opinion as to the wisdom of or impetus behind the development of the Rooker-Feldman doctrine, it clearly compels the dismissal of his Complaint.[3]

### B. Res Judicata

Defendant also argues that the Plaintiff's claims are barred by the doctrine of res judicata. I agree.

This Court addressed the res judicata issue as follows in the order denying a temporary restraining order:

> "As the Supreme Court noted in *Exxon Mobil*, the "Full Faith and Credit Act...requires the federal court to give the same preclusive effect to a state-court judgment as another court of that State would give.'" 125 S.Ct. At 1527, quoting *Parson Steel Inc. v. First Alabama Bank*, 474 U.S. 518, 523, 106 S.Ct. 768, 88 L.Ed.2d 877 (1986); *Sinclair v. Bankers Trust, supra*. Michigan has adopted a broad application of the doctrine of res judicata which bars not only claims actually litigated in the prior action, but all claims arising out of the same transaction that the parties, exercising reasonable diligence, could have raised in the prior action but did not. *Limbach v. Oakland County Bd of County Road Comm'r*, 226 Mich. App. 389, 396, 573 N.W.2d 336 (1997).
>
> "Application of the doctrine of res judicata in Michigan requires that (1) the first action be decided on its merits, (2) the matter being litigated in the second case was or could have been resolved in the first case, and (3) both actions involved the same parties or their privies. *ABB Paint Finishing, Inc. v. National Union Fire Ins.*, 223 Mich. App. 559, 562, 567 N.W.2d 456

---

[3] On July 23, 2007, Plaintiff filed a document entitled "Memorandum of Law–Rooker Feldman is a Bogus Law," in which he states, "Rooker Feldman is a bad abused doctrine. It is not taught in law schools. The doctrine was defective and void from inception. It stands a mute proof of the power of money to corrupt the legal system back in the 1920's."

(1997) (1997). "The test for determining whether two claims are identical for res judicata purposes is whether the same facts or evidence are essential to the maintenance of the two claims," *Huggett v. Dep't of Natural Resources*, 232 Mich. App. 188, 197, 590 N.W.2d 747 (1998), not whether the grounds asserted for relief are the same. *Jones v. State Farm Ins. Co.*, 202 Mich. App. 393, 401, 509 N.W.2d 829 (1993), *mod'f on other grounds*, *Patterson v. Kleiman*, 447 Mich. 429, 433 n.3 (1994).

"Plaintiff's case clearly falls within the Michigan test for res judicata, and is therefore subject to dismissal." [Docket #27].

All claims raised in the Plaintiff's Complaint were, or could have been raised in the Michigan courts. His Complaint must therefore be dismissed.

### C. Temporary Restraining Order

Finally, for the reasons set forth in this Report and Recommendation and in the Court's order denying a separate request for temporary restraining order, the Plaintiff's Motion for Temporary Restraining Order in Docket #3 should be denied.

### IV. CONCLUSION

Accordingly, I recommend that Plaintiff's Motion for Summary Judgment [Docket #14] be DENIED, that Plaintiff's Motion for Temporary Restraining Order [Docket #3] be DENIED, and that Defendant's Motion for Summary Judgment [Docket #19] be GRANTED.

Any objections to this Report and Recommendation must be filed within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sullivan,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit*

*Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.


                                          s/R. Steven Whalen
                                          R. STEVEN WHALEN
                                          UNITED STATES MAGISTRATE JUDGE

Dated: July 26, 2007

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on July 26, 2007.

                                          s/Susan Jefferson
                                          Case Manager